# IN THE COURT OF APPEALS OF IOWA

No. 19-0870
Filed September 11, 2019

**IN THE INTEREST OF B.P.,**
**Minor Child,**

**R.L., Father,**
       Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

Erin Mayfield of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Greer, JJ.

**GREER, Judge.**

R.L. is the father of B.P., born in 2012. On April 4, 2016, the juvenile court issued a temporary order removing B.P. from the father's care. On May 17, the court adjudicated B.P. a child in need of assistance. Ultimately, on December 12, 2018, the State filed a petition to terminate the father's parental rights. Despite that petition, the court declined to terminate his parental rights and instead ordered a permanency goal of a guardianship with B.P.'s maternal grandmother. Following Iowa Department of Human Services (DHS) conditions, the court held another termination hearing on April 18, 2019. The court issued an order terminating the father's parental rights on May 15.[1]

The father appeals the termination of his parental rights, arguing the State failed to make reasonable efforts toward reunification.[2] In doing so, the father waived all other issues for appeal, including the statutory grounds for termination. *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."). Despite his arguments at the hearing, the juvenile court terminated his parental rights under multiple statutory grounds, including Iowa Code section 232.116(1)(b) (2018) (allowing termination upon "clear and convincing evidence that the child has been abandoned or deserted"). We thus affirm the termination under section 232.116(1)(b). Under this section, reasonable efforts to reunify the parent with the child are not required. *See In re A.D.*, No. 19-0389, 2019 WL

---

[1] The court terminated B.P.'s mother's parental rights on July 30, 2018. The mother is not a party to this appeal, and her rights are not at issue.

[2] We review a termination of parental rights proceeding de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

2371928, at *1 (Iowa Ct. App. June 5, 2019); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (noting other statutory grounds for termination "contain a common element which implicates the reasonable effort requirement"). Therefore, the State was not required to make reasonable efforts toward reunification before terminating the father's parental rights under Iowa Code section 232.116(1)(b).

Even if the State were required to make reasonable efforts toward reunification, the father "had the obligation to demand other, different or additional services prior to the termination hearing." *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). Thus, his failure to make such a demand waives the issue on appeal. *Id.* What is more, the father's petition identifies no services he wished to receive, and we find no evidence he ever demanded other, different, or additional services.[3] Consequently, the reasonable-efforts issue is not preserved for our review. Even so, we note a DHS report lists numerous services offered to the family, including evaluation and treatment for the father's substance-abuse and mental-health issues.

Arguing DHS violated the permanency plan of a guardianship with the maternal grandmother, the father now asserts the juvenile court too quickly terminated his parental rights.[4] Yet, at the termination hearing, the State presented extensive evidence of the father's substance-abuse and mental-health issues and his lack of contact with B.P. since removal. To further support termination, the

---

[3] In the February 12, 2019 order, the juvenile court noted the father requested "assistance in rent payment" when asked about the sufficiency of services provided to him. The court denied his request. We find this isolated reference is insufficient to preserve the reasonable-efforts issue for our review. Additionally, we note that in the April 18, 2019 hearing, the father testified he was current on rent for his home.

[4] The father's recent relapse on drugs and alcohol impacted the termination.

grandmother cannot access needed medical services for B.P. as her guardian, but she could if B.P. were covered under her insurance, which requires she adopt B.P. On our de novo review, we agree with the juvenile court and affirm the termination of the father's parental rights.

**AFFIRMED.**